**Gregory Paul STEPHENS, Petitioner–Appellant,**

v.

**Justin JONES, Director; Attorney General of the State of Oklahoma, Respondents–Appellees.**

No. 10–6017.

United States Court of Appeals, Tenth Circuit.

June 25, 2010.

Gregory Paul Stephens, Lawton, OK, pro se.

Diane L. Slayton, Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondents–Appellees.

Before HARTZ, ANDERSON, and TYMKOVICH, Circuit Judges.

## ORDER GRANTING AND DENYING CERTIFICATE OF APPEALABILITY

HARRIS L. HARTZ, Circuit Judge.

Gregory Paul Stephens, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the denial of his application under 28 U.S.C. § 2254 for habeas relief. *See* 28 U.S.C. § 2253(c) (requiring COA to appeal denial of application). We grant his application for a COA on his claim that his due-process rights were violated when the trial court admitted testimony about statements he had made during a postarrest interrogation even though the government had discarded a tape of that interrogation. We also grant a COA on his ineffective-assistance-of-counsel claims based on failure to raise that claim adequately. But because Mr. Stephens has failed to make a substantial showing of the denial of a constitutional right with respect to his remaining claims, we deny his request for a COA and dismiss the appeal as to those claims. *See id.* § 2253(c)(2)

## I. BACKGROUND

Mr. Stephens was convicted by a jury in Oklahoma state court of assault and battery with a dangerous weapon and unlawful possession of a firearm. On June 6, 2006, he was sentenced to consecutive sentences of 25 years' imprisonment on the assault-and-battery charge, and 10 years' imprisonment on the firearm-possession charge. He appealed, but the Oklahoma

Court of Criminal Appeals (OCCA) affirmed. He then unsuccessfully sought postconviction relief in state court.

On October 27, 2008, Mr. Stephens filed his § 2254 application in the United States District Court for the Western District of Oklahoma. He claimed (1) that the trial court improperly denied his motion to exclude illegally obtained evidence, (2) that the trial court erred in not granting him a second preliminary hearing with respect to his firearm-possession charge, (3) that the trial court erred in refusing to sustain a demurrer to the firearm-possession charge, (4) that he was denied a fair trial because of an evidentiary harpoon, (5) that the trial court erred in enhancing his sentence based on a stale prior conviction, (6) that the trial court erred in failing to exclude the testimony of several witnesses who were tainted by the violation of a sequestration order, (7) that the trial court erred in characterizing the firearm he possessed as a sawed-off shotgun; (8) that the trial court improperly instructed the jury on aiding-and-abetting, (9) that the trial court improperly failed to exclude statements that he had allegedly made after his arrest, (10) that his trial counsel was ineffective, and (11) that his state appellate counsel was ineffective. The district court, adopting the magistrate judge's report and recommendation, denied his application. He now seeks a COA to appeal the rejection of all his claims for relief.

## II. DISCUSSION

### A. Standard of Review

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues pre-

sented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan,* 376 F.3d 1193, 1196 (10th Cir.2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. Therefore, for those of Mr. Stephens's claims that the OCCA adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines,* 374 F.3d 935, 938 (10th Cir.2004).

With respect to Mr. Stephens's first eight claims, no reasonable jurist could debate the correctness of the magistrate judge's well-supported and well-reasoned recommendations. We therefore deny his request for a COA on those claims.

Mr. Stephens's ninth claim, however, deserves further consideration. He contends that he was denied due process by the destruction of the videotape recording of his postarrest interrogation. Ordinarily, the "failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). But due process can be violated if police bad faith caused the loss of the evidence. *See id.*

Mr. Stephens alleged as follows in his § 2254 application:

[Case Agent Borcherding] testified that he took a statement from the Defendant after reading his rights from a prepared card. He testified that the Defendant was fairly relaxed at that time.

On cross examination he admitted that they had written Miranda waivers at the Shawnee Police Department. [sic] but, that he did not obtain one from the Defendant. He admitted that Pottawatomie County is equipped with rooms that have video technology where they can tape interviews and that he taped the defendant's interview. He then denied that there was a tape of the interview, claiming a malfunction of the machine. [sic] despite having previously testified under oath that he had logged the tape of the interview into evidence.

The Defendant then moved to require the State to provide the tape that they logged into evidence. The Court was made aware that there had been an order entered to provide all material that was discoverable under 22 O.S. Section 2002. And further was advised that a spoliation request in this particular case had been filed based upon the officer's sworn testimony that the tapes were not turned over to the district attorney's office but instead were logged into evidence of the Shawnee Police Department and had now disappeared. The Court then ordered the district attorney's office to find the tape whether blank or not and turn it over and recessed for the day.

The parties returned the next morning whereupon the State announced that after inquiry of the detective he threw the tape away. The Defendant then reasserted his position with regard to the spoliation motion, the destruction of the tape being either *negligent or intentional* and because of the destruction of evidence, the Defendant sought to exclude any statements made by the Defendant during the interview. The court overruled that request.

R. at 32–33 (emphasis added, citations omitted). Although the application does not use the term *bad faith,* it alleges facts from which one could infer intentional conduct that could imply bad faith. In particular, the story about the tape had changed over time. First, the officer testified that the interview had been taped and the tape logged into evidence. Then the officer testified that the machine had malfunctioned and there was no tape of the interview. Then the state said that the detective (presumably the officer who had twice

testified) said that he had thrown the tape away.

The magistrate judge's report and recommendation rejected the due-process claim because "Mr. Stephens has not alleged or presented evidence of bad faith." *Id.* at 80. (It did not rely on any procedural bar or AEDPA deference.) But Mr. Stephens is acting pro se, and we must therefore construe his pleadings liberally. *See Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir.2007). In our view, his § 2254 application adequately raised a claim of bad faith. Moreover, to the extent that his application was unclear in this regard, Mr. Stephens's objection to the report and recommendation specifically "object[ed] to the finding of fact, that the government did not act in bad faith in destroying the tape." R. at 103. To be sure, Mr. Stephens's allegations may not be true; but his claim was dismissed on the pleadings, not on summary judgment, so the pleadings are presumed true. *See Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir.2008). Because this claim "deserve[s] encouragement to proceed further," *Slack,* 529 U.S. at 484, 120 S.Ct. 1595 (internal quotation marks omitted), we grant a COA on the issue.

To the extent that Mr. Stephens asserts that his counsel was ineffective at trial and on appeal for failing to pursue his claim that the tape was destroyed in bad faith, we likewise grant a COA as to those claims. But we deny a COA on Mr. Stephens's other ineffectiveness claims because there is no merit to the claims allegedly not pursued by counsel, so he could not have been prejudiced by any potential malpractice. We do, however, briefly address Mr. Stephens's criticism of the state's argument in district court that his appellate counsel was not ineffective because his trial counsel was not ineffective. He notes that "trial and appellate counsel may be both or individually ineffective standing alone." Aplt. Br. at 3f–3g. Al-though this statement is true as a general proposition, the state's argument (which was followed by the district court) was merely that counsel is not ineffective for failing to raise a nonmeritorious claim.

## III. CONCLUSION

We GRANT Mr. Stephens's request for a COA on his claim that the government destroyed the tape of his interrogation in bad faith and GRANT a COA on his ineffective-assistance claims insofar as they assert that his counsel was deficient in pursuing his tape-destruction claim. We DENY Mr. Stephens's requests for a COA on his other claims.