**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GREGORY PAUL STEPHENS,

　　　　Petitioner - Appellant,

v.

JUSTIN JONES, Director,

　　　　Respondent - Appellee.

No. 10-6017

(W.D. Oklahoma)

(D.C. No. 5:08-CV-01145-D)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

　　　Gregory Paul Stephens is a prisoner of the State of Oklahoma who filed an

application for relief under 28 U.S.C. § 2254 in the United States District Court

for the Western District of Oklahoma. The district court denied relief, and

Mr. Stephens filed an application for a certificate of appealability (COA) in this

court. *See* 28 U.S.C. § 2253(c) (requiring COA to appeal denial of application)

In an order dated June 25, 2010, this court granted a COA to Mr. Stephens with

respect to several claims raised in his application for a certificate. *See Stephens*

---

　　　[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

*v. Jones*, 385 F. App'x 798 (10th Cir. 2010) (unpublished). These claims related to the attempted videotaping of his postarrest interrogation. According to the officer who conducted the interrogation, he destroyed the videotape after determining that it had not recorded the interrogation. Mr. Stephens contended that he was denied due process by the destruction of the videotape and that testimony concerning the interrogation should have been excluded from trial, that his trial counsel was ineffective in not seeking a jury instruction permitting an adverse inference from the destruction and in not raising the destruction issue as a due-process claim, and that his appellate counsel (who had also been trial counsel) was ineffective in not raising the destruction issue as a due-process claim.

We appointed the federal public defender for the District of Colorado to file a supplemental opening brief on behalf of Mr. Stephens. The public defender submitted a thorough, and quite helpful, 39-page brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), concluding that Mr. Stephens has no nonfrivolous issues and requesting permission to withdraw as counsel. In essence, the public defender determined that Mr. Stephens could not show that he suffered any prejudice from destruction of the tape or the alleged deficient conduct of his attorney.

In response to the public defender's brief, Mr. Stephens has submitted a lengthy supplemental brief, much of which tracks the public defender's brief.

Although he disputes the contention that he cannot show prejudice, we are not persuaded.

Accordingly, we AFFIRM the district court's denial of these claims by Mr. Stephens. We GRANT the public defender's request for permission to withdraw.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge